1  J. Andrew Coombs (SBN 123881)
   *andy@coombspc.com*
2  Nicole Drey (SBN 250235)
   *nicole@coombspc.com*
3  J. Andrew Coombs, A Prof. Corp.
   517 East Wilson Ave., Suite 202
4  Glendale, California 91206
   Telephone:  (818) 500-3200
5  Facsimile:   (818) 500-3201

6  Attorneys for Plaintiffs Sanrio, Inc.
   and DC Comics

7

FILED
CLERK, U.S. DISTRICT COURT

JAN 2 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  Sanrio, Inc. and DC Comics,              )   Case No.
                                             )
12                    Plaintiffs,            )   COMPLAINT FOR COPYRIGHT
                                             )   INFRINGEMENT; TRADEMARK
12          v.                               )   INFRINGEMENT; UNFAIR
                                             )   COMPETITION; TRADEMARK
13                                           )   DILUTION; DECLARATORY
                                             )   RELIEF
14  J.T. Saniya Inc. a/k/a J.T. International; )
    H.M. Distributors Inc.; Yasin Jumani and )   DEMAND FOR A JURY TRIAL
15  Does 1 – 10, inclusive,                  )
                                             )
16                    Defendants.            )
                                             )

17       Plaintiffs Sanrio, Inc. ("Sanrio") and DC Comics ("DC Comics") (collectively

18  "Plaintiffs") for their Complaint allege as follows:

19                  **Allegations Common to All Claims for Relief**

20  A.   **Jurisdiction and Venue**

21       1.     The claims for trademark infringement, unfair competition and

22  trademark dilution under the Lanham Trademark Act, as amended, 15 U.S.C., § 1051

23  *et seq.*, allege the unauthorized use in interstate commerce of famous and distinctive

24  marks, false designations of origin and trademark dilution.  The Court has

25  jurisdiction over the subject matter of these claims pursuant to 15 U.S.C. § 1121 and

26  28 U.S.C. § 1331 and § 1338. The cause of action for copyright infringement arises

27  pursuant to 17 U.S.C. § 101, *et seq.*  The Court has jurisdiction over the subject

28

matter pursuant to 28 U.S.C. § 1331 and § 1338(a).  The remaining causes of action for unfair competition and trademark dilution under California state law and for a constructive trust arise under the laws of the State of California.  The Court has jurisdiction over these substantial and related claims pursuant to 28 U.S.C. § 1338 (b) and § 1367.

2.      Venue in the Central District of California is proper pursuant to 28 U.S.C. § 1391(b), § 1392 and § 1400(a).

**B.      Introduction**

3.      This case concerns the concerted, systematic and wholesale theft of various world-famous intellectual properties owned by Plaintiffs.  Defendants are engaged in the manufacture, importation, distribution, promotion, sale and offer for sale of pipes, smoking accessories and other merchandise, which incorporate unauthorized likenesses of animated characters or other logos owned by Plaintiffs, including, but not necessarily limited to, Hello Kitty, Batman and Superman (collectively "Infringing Product").

**C.      Plaintiff Sanrio**

4.      Sanrio is a corporation, duly organized and existing under the laws of California, having its principal place of business in South San Francisco.  Plaintiff Sanrio is and, at all relevant times, has been, the exclusive U.S. licensee of Sanrio Company, Ltd., a Japan corporation ("Sanrio Co.").  Plaintiff Sanrio is a wholly-owned subsidiary of Sanrio Co.

5.      For more than forty years, Sanrio Co. has been engaged in the business of manufacturing, distributing and selling a wide range of products including, without limitation, character artwork created, developed and designed by Sanrio Co. for use by children and young adults.  Certain of the characters and designs have achieved such global fame and popularity that Sanrio Co. has produced and distributed television programming for children based on the character artwork.  One such television program is the animated television series entitled *Hello Kitty*.

6.     A significant source of revenue for Sanrio Co. is the merchandising and licensing of distinctive elements bearing character artwork, including Hello Kitty, Bad Badtz Maru, Chococat, KeroKeroKeroppi, Landy, Little Twin Stars, Monkichi, My Melody, Patty and Jimmy, Pekkle, Picke Bicke, Pochacco, Tuxedo Sam, Winkipinki and Zashikbuta (hereinafter individually and collectively referred to as the "Sanrio Co. Characters").

7.     The revenue from products using the Sanrio Co. Characters sold in the United States is substantial.  The appearance and other features of the Sanrio Co. Characters are inherently distinctive and serve to identify Sanrio as the source of products bearing the Sanrio Co. Characters.  The design, configuration and distinctive features of the Sanrio Co. Characters and other Sanrio Co. copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as "Sanrio Co.'s Copyrighted Designs") are wholly original with Sanrio Co. and, as fixed in various tangible media, including, without limitation, merchandise, are copyrightable subject matter under the United States Copyright Act, 17 U.S.C., §§ 101 *et seq*.  Sanrio Co. is the owner of Sanrio Co.'s Copyrighted Designs and, as featured on and in connection with various merchandise, these designs constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*.

8.     Sanrio Co. has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to Sanrio Co.'s Copyrighted Designs, and Sanrio Co. owns one or more certificates of registration for works in which each of Sanrio Co.'s Copyrighted Designs appear.  A representative list of copyright registrations for Sanrio Co.'s Copyrighted Designs is attached hereto as Exhibit A.

9.     Products featuring Sanrio Co.'s Copyrighted Designs manufactured, sold and distributed by Sanrio Co. or under its authority have been manufactured, sold and distributed in conformity with the provisions of the copyright laws.  Sanrio

Co. and those acting under its authority have complied with their obligations under the copyright laws and Sanrio Co. has at all times been and still is the sole proprietor or otherwise authorized to enforce all right, title and interest in and to the copyrights in each of Sanrio Co.'s Copyrighted Designs.

10.     Sanrio Co. owns all right, title and interest in and to and holds exclusive right to develop, manufacture, market and sell products bearing the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and incorporating the Sanrio Co. Characters in the United States.

11.     Sanrio Co. is the owner of world famous registered marks which serve to distinguish Sanrio Co. products. Some of those trademarks have been used continuously for more than twenty-five years. Each year, Sanrio Co. spends millions of dollars to develop and maintain the considerable good will it enjoys in its trademarks and in its reputation for high quality. A representative list of trademark registrations for the Sanrio Co. Characters is attached hereto as Exhibit B (collectively "Sanrio Co.'s Trademarks").

12.     Sanrio Co.'s Trademarks are all valid, extant and in full force and effect. Sanrio Co.'s Trademarks are all exclusively owned by Sanrio Co. Sanrio Co. has continuously used each of Sanrio Co.'s Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

13.     As a result of advertising and sales, together with longstanding consumer acceptance, Sanrio Co.'s Trademarks identify Sanrio Co.'s products and authorized sales of these products. Sanrio Co.'s Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world. The Sanrio Co. Characters, Sanrio Co.'s Copyrighted Designs and Sanrio Co.'s Trademarks are collectively referred to herein as "Sanrio Co.'s Properties."

D.   **Plaintiff DC Comics**

14.    DC Comics is a New York General Partnership consisting of E.C. Publications, Inc. and Warner Communications Inc., having its principal place of business in New York, New York.

15.    DC is engaged in the business of publishing comic magazines and is among the most well-known and successful publishers of comic magazines in the world.  It has created and published highly successful and well-known characters including but not limited to BATMAN, SUPERMAN, WONDER WOMAN and THE FLASH (hereinafter individually and collectively referred to as the "DC Characters).

16.    A significant aspect of DC Comics' business is the merchandising and licensing of distinctive trademarks and copyrights associated with its highly successful and well-known DC Characters.  Of these, two of the most successful characters have been Batman and Superman.

17.    Batman first appeared in the May 1939 issue of "Detective Comics." Numerous related characters, including "Robin," "The Riddler," "Two Face," "Catwoman," "The Penguin" and "The Joker" as well as other popular characters associated with Batman were soon introduced to the public.  (Batman and the related characters are hereinafter collectively referred to as the "Batman Characters").

18.    Superman appeared at least as early as 1938.  Numerous related characters, including "Clark Kent," "Lois Lane," and "Lex Luthor" as well as other popular characters associated with Superman were soon introduced to the public. (Superman and the related characters are hereinafter collectively referred to as the "Superman Characters").

19.    Since their introductions, the Batman Characters and Superman Characters have been featured in many formats, other than comic books, including movie serials, newspaper comic strips, radio shows, animated television series, live action television series, animated motion pictures, live action motion picture and

theatrical presentations, among others.  Television series featuring the Batman Characters  and the Superman Characters have since been in continuous television syndication in the United States and abroad from 1966 through the present.  These appearances have expanded the popularity of the Batman Characters and the Superman Characters beyond the comic book medium and market.

20.     The Batman Characters have also been featured in the 1989 motion picture entitled *BATMAN* (the "1989 Film"), the 1992 motion picture entitled *BATMAN RETURNS* (the "1992 Film"), the 1995 motion picture entitled *BATMAN FOREVER* (the "1995 Film"), the 1997 motion picture entitled *BATMAN AND ROBIN* (the "1997 Film"), the 2005 motion picture entitled *BATMAN BEGINS* (the "2005 Film"), and the most recent motion picture enitled *THE DARK KNIGHT* (the "2008 Film").

21.     The 1989 Film generated over $251 million dollars in domestic box office receipts.  The 1992 Film generated over $162 million dollars in domestic box office receipts.  The 1995 Film generated over $184 million dollars in box office receipts.  The 1997 Film generated over $107 million dollars in box office receipts.  The 2005 Film generated over $205 million dollars in box office receipts.  And the 2008 Film generated over $533 million dollars in domestic box office receipts.  The *BATMAN* motion pictures have resulted in domestic gross box office receipts in over a billion dollars, not to mention additional revenues from syndication rights and home video distribution.  The *BATMAN* motion pictures have proven to be among the most successful licensing and merchandising ventures of all time, with gross retail sales of associated licensed merchandise exceeding $1,000,000,000.

22.     The Superman Characters have also appeared in numerous theatrical motion pictures since their introduction.  The most recent motion picture featuring the Superman Characters, *SUPERMAN RETURNS*, was released on June 28, 2006, and has generated more than $200 million dollars in domestic box office receipts. and more than $190 million dollars in international box office receipts.  The

Superman Characters have also been featured in numerous other theatrical motion pictures, including a series of four motion pictures starring Christopher Reeve.  Such motion pictures include *SUPERMAN THE MOVIE, SUPERMAN II, SUPERMAN III and SUPERMAN IV: THE QUEST FOR PEACE,* that collectively generated over $750 million dollars in worldwide box office receipts. $ international box office receipts.

23.     Revenues generated from products and services using the DC Characters sold in the United States are substantial.  The appearance and other features of the DC Characters are inherently distinctive and serve to identify DC Comics and its licensees as the source of products bearing the DC Characters.  The design, configuration and distinctive features of the DC Characters and other DC Comics' copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as the "DC Comics' Copyrighted Designs") are wholly original with DC Comics and, as fixed in various tangible media, including, without limitation, merchandise, are copyrightable subject matter under the United States Copyright Act, 17 U.S.C., §§ 101, et seq.  DC Comics is the owner of the DC Copyrighted Designs and, as featured on in connection with various merchandise, these designs constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq.

22.     DC Comics has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to the DC Comics' Copyrighted Designs, and DC Comics owns one or more certificates of registration for works in which each of the DC Comics' Copyrighted Designs appear.  A representative list of copyright registrations for the DC Comics' Copyrighted Designs is attached as Exhibit C.

23.     Products featuring the DC Comics' Copyrighted Designs manufactured, sold and distributed by DC Comics or under its authority have been manufactured, sold and distributed in conformity with the provisions of the copyright laws.  DC

Comics and those acting under its authority have complied with their obligations under the copyright laws and DC Comics has at all times been and still is the sole proprietor or otherwise authorized to enforce all right, title and interest in and to the copyrights in each of the DC Comics' Copyrighted Designs.

24.     DC Comics owns all right, title and interest in and to and holds exclusive right to develop, manufacture, market and sell product bearing the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and incorporating the DC Characters.

25.     DC Comics is the owner of world famous registered marks which serve to distinguish DC products.  Each year DC Comics spends millions of dollars to develop and maintain the considerable good will it enjoys in its trademarks and in its reputation for high quality.  A representative list of trademark registrations for the DC Characters is attached as Exhibit D (collectively the "DC Comics' Trademarks"), including, but not limited to, the trademark registration of the Superman "S in Shield Logo and the Batman "Bat Emblem" devices are depicted below:

 

26.     The DC Comics' Trademarks are all valid, extant and in full force and effect.  The DC Comics' Trademarks are all exclusively owned by DC Comics.  DC Comics has continuously used each of the DC Comics Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

27.     DC has granted and transferred to its related companies, Warner Bros. Consumer Products Inc., Warner Bros. Home Entertainment and WB Studio

Enterprises Inc., subsidiaries of Warner Bros., the right to supervise in the United States the merchandising and licensing of the copyrighted elements, trademarks, trade names and service marks incorporated in or associated with the DC Characters. Currently, Plaintiffs have numerous active license agreements in the United States. These agreements provide for the authorized use of the DC Characters on products and in connection with services, including decals, watches, key chains and other personal accessories, among others.

28.     As a result of advertising and sales, together with longstanding consumer acceptance, the DC Comics' Trademarks identify DC Comics' products and authorized sales of these products.  The DC Comics' Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world.  The DC Comics' Copyrighted Designs and the DC Comics' Trademarks are collectively referred to herein as the "DC Comics' Properties."

29.     Sanrio Co.'s Copyrighted Designs and DC Comics' Copyrighted Designs are collectively referred to herein as "Plaintiffs' Copyrighted Designs." Sanrio Co.'s Trademarks and DC Comics' Trademarks are collectively referred to herein as "Plaintiffs' Trademarks."  Plaintiffs' Copyrighted Designs and Plaintiffs' Trademarks are collectively referred to herein as "Plaintiffs' Properties."

**G.     Defendants**

30.     Defendant J.T. Saniya Inc. a/k/a J.T. International ("JTSI") is a California corporation with its principal place of business in the city of Los Angeles, California.  JTSI is subject to the jurisdiction of this Court and is manufacturing, promoting, distributing, advertising and selling merchandise which infringes Plaintiffs' Properties within this judicial district.

31.     Defendant H.M. Distributors Inc. ("HMDI") is a California corporation with its principal place of business in the city of Los Angeles, California.  HMDI is subject to the jurisdiction of this Court and is manufacturing, promoting, distributing,

1   advertising and selling merchandise which infringes Plaintiffs' Properties within this

2   judicial district.

3        32.    Defendant Yasin Jumani ("Yasin") is an individual, and upon

4   information and belief, a resident of the city of Glendale. County of Los Angeles,

5   and State of California.  Plaintiffs are informed and believe, and upon that basis

6   allege, that Yasin had the right and ability to supervise or control the infringing

7   activity alleged herein and that he had a direct financial interest in such activity.  In

8   addition or alternatively, Yasin had knowledge or reason to know of the infringing

9   activity and took actions that contributed to such activity.

10        33.    Upon information and belief, Does 1 -- 10 are either entities or

11   individuals who are residents of or present in this judicial district, and are subject to

12   the jurisdiction of this Court.  Upon information and belief, Does 1 – 10 are

13   principals or supervisory employees of the named defendants, suppliers of the named

14   defendants or other entities or individuals who are manufacturing, distributing,

15   selling and/or offering for sale merchandise in this judicial district which infringes

16   some or all of Plaintiffs' Properties.  The identities of the various Does are unknown

17   to Plaintiffs at this time.  The Complaint will be amended to include the names of

18   such individuals when identified.  The named defendants and Does 1 – 10 are

19   collectively referred to herein as "Defendants."

20   **H.**       **Defendants' Infringing Activities**

21        34.    Upon information and belief, long after Plaintiffs' adoption and use of

22   Plaintiffs' Properties on a diverse range of goods, and after Plaintiffs obtained the

23   copyright and trademark registrations alleged above, Defendants adopted and used

24   substantially identical likenesses of Plaintiffs' Properties on Infringing Product,

25   without Plaintiffs' consent, by manufacturing, importing, advertising, displaying,

26   distributing, selling and/or offering to sell the Infringing Product.  Defendants have

27   caused the Infringing Product to enter into commerce and to be transported or used

28   in commerce.  Defendants are not licensed by Plaintiffs, or each of them, and at all

relevant times were not authorized by Plaintiffs or any authorized agent of Plaintiffs

to manufacture, import, distribute, sell and/or offer for sale the Infringing Product.

Defendants are currently engaged in such uses and, unless enjoined by this Court,

will continue such unauthorized uses.

35.   By engaging in this conduct, Defendants have acted in willful disregard

of laws protecting Plaintiffs' goodwill and related proprietary rights and have

confused and deceived, or threaten to confuse and deceive, the consuming public

concerning the source and sponsorship of the products.  By their wrongful conduct,

Defendants have traded upon and diminished Plaintiffs' goodwill.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement)

36.   Plaintiffs repeat and reallege all of the allegations contained in

paragraphs 1 through 35, inclusive, as though set forth herein in full.

37.   Plaintiffs are informed and believe, and upon that basis allege, that the

Defendants have each obtained gains, profits and advantages as a result of their

infringing acts in amounts within the jurisdiction of the Court.

38.   Plaintiffs are informed and believe, and upon that basis allege, that they

have suffered and continue to suffer direct and actual damages as result of

Defendants' infringing conduct as alleged herein, in amounts within the jurisdiction

of this Court.  In order to determine the full extent of such damages, including such

profits as may be recoverable under 17 U.S.C. § 504, Plaintiffs will require an

accounting from each Defendant of all monies generated from the manufacture,

importation, distribution and/or sale of the Infringing Product as alleged herein.  In

the alternative, Plaintiffs may elect to recover, for each of its respective copyrighted

works infringed, statutory damages pursuant to 17 U.S.C. § 504(c).

39.   Plaintiffs have no other adequate remedy at law and have suffered and

continue to suffer irreparable harm and damage as a result of the above-described

acts.  Plaintiffs are informed and believe, and upon that basis allege, that, unless

enjoined by the Court, the unlawful infringement by Defendants of Plaintiffs' Properties will continue with irreparable harm and damage to Plaintiffs. Accordingly, Plaintiffs seeks and requests permanent injunctive relief pursuant to 17 U.S.C § 502.

40.     By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from the Defendants, and each of them, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### (For Trademark Infringement)

41.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 40, inclusive, as though set forth herein in full.

42.     Defendants' manufacture, importation, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale of the Infringing Product is likely to cause confusion or to cause mistake or to deceive the relevant public and trade regarding the affiliation, sponsorship, endorsement or approval of the Infringing Product by Plaintiffs. Such confusion, mistake and deception is aggravated by the confusing similarity between Plaintiffs' Properties and the use of substantially identical likenesses on the Infringing Product in the same type of goods made, imported and sold by or under authority of Plaintiffs.

43.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants, and each of them, acted with knowledge of the federally registered trademarks alleged herein and of the valuable goodwill Plaintiffs enjoy in connection therewith, with intent to confuse, mislead and deceive the public into believing that the Infringing Product was made, imported and sold by Plaintiffs, and each of them, or are in some other manner, approved or endorsed by Plaintiffs, and each of them.

44.     Plaintiffs have suffered and continue to suffer irreparable harm and damage as a result of Defendants' acts of trademark infringement in amounts thus far

1    not determined but within the jurisdiction of this Court, which amounts should each

2    be trebled pursuant to 15 U.S.C. § 1117.  In order to determine the full extent of such

3    damages, including such profits as may be recoverable under 15 U.S.C. § 1117,

4    Plaintiffs will require an accounting from each Defendant of all monies generated

5    from the manufacture, importation, distribution and/or sale of the Infringing Product

6    as alleged herein.  In the alternative, Plaintiffs may elect to recover statutory

7    damages pursuant to 15 U.S.C. § 1117(c).

8         45.    Plaintiffs have no other adequate remedy at law and have suffered and

9    continue to suffer irreparable harm and damage as a result of the above-described

10   acts of infringement.  Plaintiffs are informed and believe, and upon that basis allege,

11   that, unless enjoined by the Court, the unlawful infringement will continue with

12   irreparable harm and damage to Plaintiffs.  Accordingly, Plaintiffs seek and request

13   preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

14        46.    By reason of the foregoing, Plaintiffs have incurred and will continue to

15   incur attorneys' fees and other costs in connection with the prosecution of their

16   claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from

17   Defendants, and each of them, pursuant to 15 U.S.C. § 1117(c).

18                        **THIRD CLAIM FOR RELIEF**

19                        **(For Unfair Competition)**

20        47.    Plaintiffs repeat and reallege all of the allegations contained in

21   paragraphs 1 through 46, inclusive, as though set forth herein in full.

22        48.    Plaintiffs own all rights, title and interest in and to the trademarks, trade

23   names, service marks, artwork, characters and other distinctive elements for and

24   incorporating Plaintiffs' Properties.

25        49.    Plaintiffs' Properties have each acquired a secondary and distinctive

26   meaning among the public, which has come to identify Plaintiffs through various

27   media, including films, books, television, theme parks, magazines and other sources,

28   and through the distribution and sale of authorized merchandise, and the distinctive

features of each, as designating products associated with Plaintiffs, and each of them. As a result of the extensive advertising, media exposure, sales and public recognition of Plaintiffs' Properties, combined with the positive experiences of the public in its relationship with Plaintiffs, and each of them, Plaintiffs' Properties are each symbolic of Plaintiffs, and each of them, and representative of the images which the public has of Plaintiffs.

50.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants, and each of them, have, without permission, authority or license from Plaintiffs or their respective licensees, affixed, applied and/or used in connection with the manufacture, importation, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale, false descriptions and representations, including words or other symbols which tend falsely to describe or represent such goods as Plaintiffs and/or affiliated with Plaintiffs, and have caused the entry of such goods into interstate commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiffs.  Defendants, and each of them, by misappropriating and using one or more of Plaintiffs' Properties, have misrepresented and falsely described to the general public the origin, source, association, affiliation or sponsorship of their goods so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of said goods.

51.     Plaintiffs are informed and believe, and upon that basis allege, that the Infringing Product being manufactured, imported, advertised, marketed, displayed, distributed, sold and/or offered for sale by Defendants, and each of them, are of inferior quality and that the sale and/or offer for sale thereof will be damaging to and dilute the goodwill and reputations of Plaintiffs.

52.     Defendants' acts and conduct, as alleged herein, including, without limitation, the Defendants' duplication and imitation of Plaintiffs' Properties, are business practices likely to deceive or confuse the purchasing public and trade upon

Plaintiffs' reputations, both as to the source, origin, sponsorship and approval of the goods provided and as to the affiliation, connection or association of Defendants, and each of them, with Plaintiffs and constitute acts of unfair competition, false designation of origin and false representation of affiliation, all in violation of 15 U.S.C. § 1125(a). Plaintiffs are informed and believe, and upon that basis allege, that each of Defendants' respective acts of reputation appropriation and unfair competition was willful.

53.    Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of Defendants' respective acts of unfair competition in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.

54.    Plaintiffs are informed and believe, and upon that basis allege, that unless enjoined by the Court the confusion and deception alleged above and the likelihood thereof will continue with irreparable harm and damage to Plaintiffs. Accordingly, Plaintiffs seek and request preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

55.    Plaintiffs are informed and believe, and upon that basis allege, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of unfair competition in amounts not thus far determined but within the jurisdiction of this Court, which amounts should each be trebled, pursuant to 15 U.S.C. § 1117.

56.    In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiffs require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product.

57.    By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their

1  claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from

2  the Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

3  **FOURTH CLAIM FOR RELIEF**

4  **(For Trademark Dilution)**

5  58.    Plaintiffs repeat and reallege all of the allegations contained in

6  paragraphs 1 through 57, inclusive, as though set forth in full herein.

7  59.    The extensive advertising, media exposure, sales and public recognition

8  of Plaintiffs' Properties, combined with the positive experiences of the public in its

9  relationship with Plaintiffs, have made Plaintiffs' Properties each famous and

10  distinctive marks that are symbolic of Plaintiffs and representative of the image the

11  public has of Plaintiffs.

12  60.    Plaintiffs' Properties are extraordinarily famous and well known

13  throughout the United States and elsewhere, having been used extensively by

14  Plaintiffs.  By reason of Plaintiffs' extensive use of Plaintiffs' Properties, each has

15  become highly distinctive of Plaintiffs' goods and services and is uniquely and

16  exclusively associated with Plaintiffs.  Plaintiffs' Properties are famous marks within

17  the purview of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

18  61.    Defendants' acts and conduct, as alleged herein, including Defendants'

19  use of Plaintiffs' Trademarks on and in connection with the manufacture,

20  importation, advertisement, display, distribution, sale and/or offer for sale of the

21  Infringing Product are commercial business practices which trade on Plaintiffs'

22  reputations and cause dilution of one or more of each of the famous, distinctive and

23  pre-existing Trademarks, by lessening the capacity of these marks to exclusively

24  identify and to distinguish Plaintiffs and their goods and services and constitute

25  dilution, all in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

26  Plaintiffs are informed and believe, and upon that basis allege, that each of

27  Defendants' acts of trademark dilution and reputational appropriation was willful

28  and that each Defendant willfully intended to reap the benefit of Plaintiffs' goodwill,

trade upon Plaintiffs' reputations and/or dilute the distinctiveness of one or more of Plaintiffs' famous and distinctive trademarks.

62.   Plaintiffs are informed and believe, and upon that basis allege, that unless enjoined by the Court, Defendants' unlawful and unauthorized acts in violation of Section 43(c) of the Lanham Act will continue to cause dilution of one or more of Plaintiffs' Properties with the corresponding irreparable harm and damage to Plaintiffs.  Accordingly, Plaintiffs seek preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

63.   Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of Defendants' acts of trademark dilution in amounts thus far not determined, but within the jurisdiction of this Court, which amounts should be trebled pursuant to 15 U.S.C. § 1116.

64.   Plaintiffs are informed and believe, and upon that basis allege, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of trademark dilution in amounts thus far not determined but within the jurisdiction of this Court, which amounts should be trebled pursuant to 15 U.S.C. § 1117.

65.   In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiffs will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the diluting items alleged herein.

66.   By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

## FIFTH CLAIM FOR RELIEF

### (For State Law Unfair Competition)

67.    Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 though 66, inclusive, as though set forth herein in full.

68.    As alleged above, each of Plaintiffs' Properties has acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Plaintiffs.  The purchasing public is likely to attribute to Plaintiffs the use by Defendants and/or their customers of one or more of Plaintiffs' Properties, as a source of origin, authorization and/or sponsorship for Defendants and/or their customers' goods and therefore to purchase such goods based upon that erroneous belief.

69.    Plaintiffs are informed and believe, and upon that basis allege, that Defendants, and each of them, have intentionally appropriated one or more of Plaintiffs' Properties with the intent of causing confusion, mistake and deception as to the source of their and/or their third-party wholesale customers' goods and with the intent to palm off such goods as those of Plaintiffs, and, as such, Defendants have each committed trademark infringement, misleading advertising and unfair competition, all in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

70.    Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of each of Defendants' acts in an amount thus far not determined but within the jurisdiction of this Court.

71.    Plaintiffs are informed and believe, and upon that basis allege, that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Plaintiffs.

72.    Plaintiffs are informed and believe, and upon that basis allege, that Defendants have each unlawfully and wrongfully derived and will continue to derive income, gains, profits and advantages as a result of their wrongful acts of unfair competition, in amounts thus far not determined but within the jurisdiction of this

1    Court. Plaintiffs are informed and believe, and upon that basis allege, that they have

2    lost and will continue to lose profits and goodwill as a result of Defendants' conduct.

3       73.    By reason of the foregoing acts of unfair competition, Plaintiffs are

4    entitled to restitution from each Defendant of all income, gains, profits and

5    advantages resulting from their wrongful conduct in amounts to be determined

6    according to proof at trial.

7       74.    In order to determine the full extent of such damages, including such

8    profits as may be recoverable, Plaintiffs will require an accounting from each

9    Defendant of all monies generated from the manufacture, importation, distribution

10    and/or sale of the Infringing Product.

11       75.    Plaintiffs are informed and believe, and upon that basis allege, that

12    Defendants, and each of them, committed the acts alleged herein intentionally,

13    fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure

14    Plaintiffs in its business and with conscious disregard for Plaintiffs' rights, thereby

15    justifying awards of punitive and exemplary damages against each Defendant in

16    amounts sufficient to punish each Defendant and to set an example for others.

## SIXTH CLAIM FOR RELIEF

### (State Law Trademark Dilution)

19       76.    Plaintiffs repeat and reallege all of the allegations contained in

20    paragraphs 1 through 75, inclusive, as though set forth herein in full.

21       77.    Plaintiffs have used Plaintiffs' Properties to identify themselves and

22    their goods and services, respectively. Defendants' use of Plaintiffs' Properties to

23    identify themselves and their products has diluted and will continue to dilute the

24    distinctive quality of Plaintiffs' Properties in violation of § 14245, *et seq.* of the

25    California Business and Professions Code.

26       78.    Defendants' acts as alleged herein have damaged and will continue to

27    irreparably damage Plaintiffs. Plaintiffs have no adequate remedy at law for such

28    wrongs and injuries. The damage to Plaintiffs includes harm to their goodwill and

reputations that money cannot adequately compensate.  Plaintiffs therefore are entitled to a preliminary and permanent injunction enjoining Defendants' commercial use of Plaintiffs' Properties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand:

A.      That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1.      Directly or indirectly infringing Plaintiffs' Properties in any manner, including generally, but not limited to, manufacture, importation, distribution, advertising, selling and/or offering for sale any merchandise which infringes the said Plaintiffs' Properties, and, specifically:

2.      Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Infringing Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Plaintiffs' Properties;

3.      Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Plaintiffs' Properties;

4.      Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products sold by Defendants or Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs, or are in some way affiliated with Plaintiffs;

5.      Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs;

6.      Otherwise competing unfairly with Plaintiffs in any manner;

7.      Destroying or otherwise disposing of

a.      Merchandise falsely bearing Plaintiffs' Properties;

b.      Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Properties;

c.      Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Plaintiffs' Properties;

d.      Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Plaintiffs' Properties;

e.      Any sales and supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Infringing Product;

B.      That Plaintiffs and its designees are authorized to seize the following items, which are in Defendants' possession, custody or control:

1.      All unauthorized products bearing Plaintiffs' Properties, or likenesses thereof;

2.      Any other unauthorized products which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture,

reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

   3.   Any labels, packages, wrappers, containers and any other unauthorized promotional or advertising material which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

   4.   Any molds, screens, patterns, plates, negatives, machinery or equipment used for making or manufacturing the Infringing Product or unauthorized items which bear Plaintiffs' Properties or which bear a substantial similarity to any of Plaintiffs' Properties.

C.   That those Defendants infringing upon Plaintiffs' Properties be required to pay actual damages increased to the maximum extent permitted by law and/or statutory damages at Plaintiffs' election;

D.   That actual damages be trebled pursuant to 15 U.S.C. § 1117;

E.   That Defendants account for and pay over to Plaintiffs all damages sustained by Plaintiffs and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

F.   That Plaintiffs recover from Defendants its costs of this action and reasonable attorneys' fees; and

G.   That Plaintiffs have all other and further relief as the Court may deem just and proper under the circumstances.

Dated: January ___, 2012

J. Andrew Coombs, A Professional Corp.

By: _____
         J. Andrew Coombs
         Nicole L. Drey
Attorneys for Plaintiffs Sanrio, Inc. and
DC Comics

1

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs Sanrio, Inc. and DC Comics hereby demand a trial by jury of all issues so triable.

DATED: January 24, 2012          J. Andrew Coombs, A Professional Corp.

By:_____
        J. Andrew Coombs
        Nicole L. Drey
Attorneys for Plaintiffs Sanrio, Inc. and
DC Comics

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## SANRIO CO.'S COPYRIGHTED DESIGNS

| Copyright Registration | Title of Work (Character) | Type of Work |
|---|---|---|
| VA 1 296 115 | 2004 – 100 Characters | Graphic Artwork |
| VA 811 440 | Bad Badtz Maru | Graphic Artwork |
| VAu 498 617 | Chococat | Art original |
| VA 130 420 | Hello Kitty | Graphic Artwork |
| VA 636 579 | KeroKeroKeroppi | Sticker Book |
| VA 246 421 | Little Twin Stars | Stickers |
| VA 840 495 | Monkichi | Graphic Artwork |
| VA 130 419 | My Melody | Graphic Artwork |
| VA 130 421 | Patty & Jimmy | Graphic Artwork |
| VA 636 582 | Pekkle | Graphic Artwork |
| VA 840 496 | Picke Bicke | Graphic Artwork |
| VA 636 580 | Pochacco | Sticker Book |
| VA 148 625 | Tuxedo Sam | Stickers |
| VA 840 494 | Winkipinki | Graphic Artwork |
| VA 636 581 | Zashikibuta | Stickers |
| VA 1-352-721 | Keroppi / Little Frog…Big Splash | Visual Material |
| Vau 1-078-385 | Sanrio 2010 Character Guide | Visual Material |

### EXHIBIT B

### SANRIO CO.'S TRADEMARKS

| Trademark | Mark Drawing Code | Trademark Registration No. | Trademark Registration Date |
|---|---|---|---|
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,842,707 | 5/18/04 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,707,592 | 4/15/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,705,164 | 4/8/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,714,130 | 5/6/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,952,043 | 5/17/05 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,845,315 | 5/25/04 |
| Hello Kitty | Design Only | 1,200,083 | 7/6/82 |
| Hello Kitty | Design Only | 1,277,721 | 5/15/84 |
| Hello Kitty | Typed Drawing | 1,215,436 | 11/9/82 |
| Hello Kitty | Typed Drawing | 1,279,486 | 5/29/84 |
| Hello Kitty | Typed Drawing | 1,391,550 | 4/29/86 |
| Hello Kitty | Design Only | 1,370,105 | 11/12/85 |
| Keroppi | Standard Character Mark | 3,531,383 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,350 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,531,382 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,349 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,436,548 | 5/27/08 |

| | | | |
|---|---|---|---|
| Keroppi | Standard Character Mark | 3,181,348 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,181,347 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,449,938 | 6/17/08 |
| Keroppi | Standard Character Mark | 3,531,381 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,531,380 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,346 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,423,288 | 5/6/08 |
| Keroppi | Standard Character Mark | 3,181,345 | 12/5/06 |
| Little Twin Stars | Typed Drawing | 1,341,864 | 6/18/85 |
| Little Twin Stars | Typed Drawing | 1,192,946 | 4/6/82 |
| Little Twin Stars | Standard Character Mark | 3,245,999 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,998 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,997 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,994 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,993 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,992 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,991 | 5/29/07 |
| Monkichi | Standard Character Mark | 3,699,381 | 10/20/09 |
| My Melody | Typed Drawing | 1,305,637 | 11/20/84 |
| My Melody | Typed Drawing | 1,210,192 | 9/28/82 |
| Pekkle | Typed Drawing | 2,053,346 | 4/15/97 |
| Pochacco | Typed Drawing | 2,236,507 | 4/6/99 |

| Pochacco | Typed Drawing | 1,985,358 | 7/9/96 |
|---|---|---|---|
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,506,705 | 11/13/01 |
| Sanrio | Typed Drawing | 2,506,577 | 11/13/01 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,721,680 | 6/3/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,742,381 | 7/29/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,721,679 | 6/3/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,693,639 | 3/4/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,696,063 | 3/11/03 |
| KEROKEROKEROPPI | Standard Character Mark | 3,531,378 | 11/11/2008 |
| KEROKEROKEROPPI | Standard Character Mark | 3,531,376 | 11/11/2008 |
| Bow | Design only | 3,260,857 | 7/10/2007 |
| Bow | Design only | 3,359,800 | 12/25/2007 |
| Bow | Design only | 3,359,801 | 12/25/2007 |
| Bow | Design only | 3,272,377 | 7/31/2007 |
| Bow | Design only | 3,260,860 | 7/10/2007 |
| Bow | Design only | 3,362,512 | 1/1/2008 |
| Bow | Design only | 3,3,48,608 | 12/4/2008 |
| Bow | Design only | 3,249,704 | 6/5/2007 |
| Bow | Design only | 3,362,514 | 1/1/2008 |
| Bow | Design only | 3.359,799 | 12/25/2007 |

| Bow | Design only | 3,260,858 | 7/10/2007 |
|---|---|---|---|
| Bow | Design only | 3,445,304 | 6/10/2008 |
| Bow | Design only | 3,260,859 | 7/10/2007 |
| Bow | Design only | 3,359,802 | 12/25/2007 |
| Bow | Design only | 3,260,861 | 7/10/2007 |
| Bow | Design only | 3,253,794 | 6/19/2007 |
| Bow | Design only | 3,260,862 | 7/10/2007 |
| Outline of Hello Kitty | Design only | 3,666,736 | 8/11/2009 |
| Outline of Hello Kitty | Design only | 3,756,724 | 3/9/2010 |
| Outline of Hello Kitty | Design only | 3,751,315 | 2/23/2010 |
| Outline of Hello Kitty | Design only | 3,868,138 | 10/26/2010 |
| Outline of Hello Kitty | Design only | 3,756,725 | 3/9/2010 |
| Outline of Hello Kitty | Design only | 3,666,736 | 8/11/2009 |
| Outline of Hello Kitty | Design only | 3,679,187 | 9/8/2009 |
| Outline of Hello Kitty | Design only | 3,865,208 | 10/19/2010 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **EXHIBIT C**

## **DC COMICS' COPYRIGHTED DESIGNS**

| Copyright Registration | Title of Work (Character) | Type of Work |
|---|---|---|
| Txu 1-080-661 | DC Comics Anti-Piracy Guide<br>Batman<br>Robin<br>Superman<br>Wonderwoman<br>Supergirl<br>Justice League | Style Guide |
| RE-627-502 | Superman | Prints and pictorial illustrations |
| TX 5-581-762 | Superman | Monthly Publication |
| TX 3-221-758 | Superman | Style Guide |
| RE-33-050 | Superman; comic strip | Periodicals |
| RE-143-861 | Superman wrist watches; | Prints and pictorial illustrations |
| RE-185-226 | Superman--America's greatest adventure character | Books |
| VA-1-258-002 | Superman 2004 | calendar |
| RE-628-242 | Batman No. 170, Mar. 1965 | Periodicals |
| TX 5-593-461 | Batman | Monthly Publication |
| RE-628-244 | Detective Comics No. 337, Mar. 1965 | Periodicals |
| TX-3-402-770 | DC Comics presents Batman 3 D | visual arts |
| TX-4-183-766 | Batman: the terror of two-face | nondramatic literary works, computer programs |
| TX-5-871-232 | The DC Comics guide to writing comics | nondramatic literary works, computer programs |
| TXu-532-372 | DC Comics style guide. | visual arts |
| VA-776-450 | DC Comics Super Heros | visual arts |
| VA-777-441 | DC Comics Super Heroes Paint 'n' Marker book | visual arts |
| VA-777-593 | DC Comics Super Heroes: a giant coloring book. | visual arts |
| VA-795-718 | DC Comics super heroes sticker fun. | visual arts |
| VA-838-902 | DC Comics Super Heroes. | visual arts |
| VA-854-405 | DC Comics Super Heroes, gallery of heroes | visual arts |
| TX-5-060-774 | Batman & Demon | nondramatic literary works, computer programs |
| VA-839-545 | Batman & Mr. Freeze: SubZero--chill out | visual arts |
| PAu-1-865-982 | Batman 3: the final battle | Screenplay |

| TX-5-626-631 | Batman year two: fear the reaper | nondramatic literary works, computer programs |
| TXu-838-199 | Knight Force Batman | Style Guide |

**EXHIBIT D**

**DC COMICS' TRADEMARKS**

| Trademark | Trademark Registration No. | Trademark Registration Date |
|---|---|---|
| Batman | 0,839,561 | November 28, 1967 |
| Batman | 1,221,720 | December 28, 1982 |
| Batman | 1,587,507 | March 20, 1990 |
| Batman | 0,856,045 | September 3, 1968 |
| Batman | 0,858,860 | October 22, 1968 |
| Batman | 0,828,412 | May 9, 1967 |
| Batman | 2,457,655 | June 5, 2001 |
| Batman | 1,652,640 | July 30, 1991 |
| Batman & Rep. | 0,382,770 | November 12, 1940 |
| Batman & Rep. | 0,804,709 | March 1, 1966 |
| Batman & Robin | 2,171,937 | July 7, 1998 |
| Batman & Robin | 2,404,483 | November 14, 2000 |
| Batman Beyond | 2,762,067 | September 9, 2003 |
| The Batman Rep. | 0,378,913 | June 25, 1940 |
| Bat Rep II | 1,219,120 | December 7, 1982 |
| Bat Emblem | 1,581,725 | February 6, 1990 |
| Bat Emblem | 1,581,593 | February 6, 1990 |
| Bat Emblem | 1,581,659 | February 6, 1990 |
| Bat Emblem | 2,119,266 | December 9, 1996 |
| Bat Emblem (Batman Begins) | 3,299,017 | September 25, 2007 |
| Bat Emblem (Batman Begins) | 3,110,604 | September 25, 2007 |

| | | |
|---|---|---|
| Bat Emblem (Batman Begins) | 3,313,612 | October 16, 2007 |
| Bat Emblem (Batman Begins) | 3,326,043 | October 30, 2007 |
| Catwoman | 1565883 (Serial Number 73776479) | November 14, 1989 |
| Catwoman | 3,181,586 | December 5, 2006 |
| Batmobile | Serial Number 85143617 | n/a |
| Batmobile | Serial Number 85143624 | n/a |
| Batmobile | 1,179,342 | November 24, 1981 |
| Batmobile | 1,124,961 | September 11, 1979 |
| Gotham City | 3,353,156 | December 11, 2007 |
| Gotham Knights | 3,391,795 | December 18, 2007 |
| Gotham Central | 3,391,794 | March 4, 2008 |
| Daily Planet | 3,018,523 | November 22, 2005 |
| Jimmy Olsen | 1190637 (Serial Number 73190491) | February 23, 1982 |
| Justice League | 1503856 (Serial Number 73684246) | September 13, 1988 |
| Justice League of America | 1190681 (Serial Number 73294239) | February 23, 1982 |
| Krypto | 1168306 (Serial Number 73213453) | September 8, 1981 |
| Lex Luthor | 1634007 (Serial Number 73813018) | February 5, 1991 |
| Lois Lane | 1184702 (Serial Number 73190489) | January 5, 1982 |
| Perry White | 1184703 (Serial Number 73190490) | January 5, 1982 |
| Robin | 1930901 (Serial Number 74521173) | October 31, 1995 |
| S Logo | 1173150 (Serial Number 73173809) | October 13, 1981 |
| S Logo | 1,197,814 | June 15, 1982 |
| S Logo | 2,226,415 | February 23, 1999 |
| Superman | 1,175,907 | November 3, 1981 |
| Superman | 1,180,068 (Serial Number 73231845) | December 1, 1981 |
| Superman | 1,185,526 | January 12, 1982 |
| Superman | 1209668 (Serial Number 73231897) | September 21, 1982 |

| | | |
|---|---|---|
| Superman | 1221718 (Serial Number 73363768) | December 28, 1982 |
| Superman in Telescopic | 1,200,394 | July 6, 1982 |
| Superman in Telescopic | 371,803 (Serial Number 71410024) | October 10, 1939 |
| Superman in Telescopic | 1200394 (Serial Number 73231898) | July 6, 1982 |
| Superman in Telescopic | 2226026 (Serial Number 75432535) | February 23, 1999 |
| Superman in Telescopic & Superman w/ Chains Rep. | 391,821 (Serial Number 71444138) | November 25, 1941 |
| Superman Rep. (Flying Figure) | 1200387 (Serial Number 73231895) | July 6, 1982 |
| Superman Rep. (Running) | 1178048 (Serial Number 73231822) | November 17, 1981 |
| Superman Rep. (Running) | 1182041 (Serial Number 73231823) | December 15, 1981 |
| Superman Rep. (Standing Clenched Fists) | 1,200,233 | July 6, 1982 |
| The Dark Knight | Serial Number 77329797 | N/A |
| Wonder Woman | 820334 (Serial Number 72237867) | December 13, 1966 |
| Wonder Woman | 1221717 (Serial Number 73363767) | December 28, 1982 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV12- 669 ODW (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]** **Western Division** | **[ ]** **Southern Division** | **[ ]** **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

J. Andrew Coombs (SBN 123881)
Nicole L. Drey (SBN 250235)
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Tel.: (818) 500-3200 / Fax:  (818) 500-3201

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sanrio, Inc. and DC Comics,<br><br>PLAINTIFF(S)<br><br>v.<br><br>J.T. Saniya Inc. a/k/a J.T. International; H.M. Distributors Inc.; Yasin Jumani and Does 1 – 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12 - 00669** ODW (PJWox)<br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>J.T. Saniya Inc. a/k/a J.T. International; H.M. Distributors Inc.; Yasin Jumani</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>J. Andrew Coombs</u>, whose address is <u>J. Andrew Coombs, A P.C., 517 East Wilson Avenue, Suite 202, Glendale, CA 91206</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

JAN 2 5 2012

Clerk, U.S. District Court

**JULIE PRADO**

SEAL

Dated: _____

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> Sanrio, Inc. and DC Comics | DEFENDANTS <br> J.T. Saniya Inc. a/k/a J.T. International; H.M. Distributors Inc.; Yasin Jumani and Does 1 – 10, inclusive, |
|---|---|
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): <br> San Mateo | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> J. Andrew Coombs (SBN 123881) / Nicole L. Drey (SBN 250235) <br> J. Andrew Coombs, A Professional Corporation <br> 517 E. Wilson Ave., Suite 202, Glendale, California 91206 <br> Telephone: (818) 500-3200/(818) 500-3201 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No        ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement 17 U.S.C. §§ 101 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV12-00669 COPY

| CV-71 (07/05) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b).  RELATED CASES:  Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
    San Mateo County - Sanrio, Inc.
    New York - DC Comics

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
    Los Angeles County (All Defendants)

List the California County, or  State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
    Los Angeles

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   1-24.12

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |